**Brigido HERNANDEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–70415.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 14, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brigido Hernandez, San Jose, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Michael J. Dougherty, Office of Immigration Litigation, Washington, D.C., for Respondent.

Before: GOODWIN, ALARCÓN and TROTT, Circuit Judges.

## MEMORANDUM [**]

Brigido Hernandez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of eligibility for relief. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). We review de novo due process challenges to final orders of removal. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition.

Substantial evidence supports the BIA's conclusion that Hernandez failed to establish he was persecuted based on actual or imputed political opinion or membership in a particular social group. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Hernandez testified that approximately two years after he completed mandatory military service, four men whom he understood to be guerillas attacked him, threatened his family, and asked him questions about the military's capture of a guerrilla fighter that Hernandez's unit had hunted. Her-

nandez also testified that his uncle and cousins had been killed, although he was unable to explain how their deaths might be connected to his experiences. This testimony does not compel the conclusion that his attackers persecuted him on account of any protected ground. *See Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (as amended on denial of rehearing).

Substantial evidence also supports the BIA's conclusion that Hernandez did not establish a well-founded fear of future persecution by guerrillas because in the time since Hernandez's encounter with the alleged guerillas, the civil war has ended and the guerrillas have disbanded. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002).

Because Hernandez failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos*, 332 F.3d at 1255.

Hernandez's pro se petition is unclear as to whether it raises a due process claim, but in any event, such a claim fails because the BIA's decision provides a sufficiently individualized consideration of his case. *See Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995).

## PETITION FOR REVIEW DENIED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.